UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Alicia Lacy<br>32 West King Street, Apt. 3<br>York, PA 17401<br><br>    Plaintiff,<br><br>  v.<br><br>County of York, Pennsylvania<br>28 East Market Street<br>York, PA 17401-1590<br><br>    Defendant. | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Alicia Lacy (hereinafter "Lacy" or "Plaintiff"), is an adult individual residing at the above address, and is African-American.

2. Defendant, County of York, Pennsylvania (hereinafter "County" or "Defendant") is one of the Commonwealth's 67 counties and has more than 440,000 residents.

3. The County is governed by three Commissioners.

4. The County also has ten county departments headed by independently elected officials called row officers who are elected to serve four year terms.

5. One of these county departments is the Recorder of Deeds.

6. At all times relevant hereto, the Recorder of Deeds was and still is headed by Laura J. Shue, a Caucasian female.

7. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

8. At all times material hereto, the County qualifies as Plaintiff's employer pursuant to the Title VII of the Civil Rights Act.

9. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

10. This action is instituted pursuant to the Civil Rights Act of 1964 and applicable federal law.

11. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

12. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

13. In or about April 2018, Plaintiff was hired by Defendant as a clerk for the Recorder of Deeds.

14. Some of Plaintiff's co-workers who also worked for the County were Brad Dougherty, Melissa Christine, and Tina Channel, all of whom are Caucasian.

15. As Ms. Lacy was a new employee in the Recorder of Deeds, all work that Ms. Lacy completed needed to be approved by either Ms. Channel or Ms. Christine.

16. Throughout Ms. Lacy's employment with Defendant, Ms. Lacy witnessed and was subjected to racist comments by Mr. Dougherty, Ms. Christine, and Ms. Channel.

17. In or about May 2018, after residents of the county had left the Recorder of Deeds office, including two young African-American children in school uniforms, Ms. Lacy heard her co-workers, Ms. Christine and Ms. Channel describe the children as "ghetto."

18. In response, Ms. Lacy approached them, telling her co-workers that the children were not "ghetto" but were in their school uniforms.

19. Ms. Lacy also heard her co-workers discussing an African-American football player, Colin Kaepernick, stating that he should move back to Africa.

20. Ms. Lacy was also made to feel uncomfortable and intimidated through the continuous stares from Mr. Dougherty, Ms. Christine, and Ms. Channel on the day when Ms. Lacy wore a dashiki to work.

21. As a result, Ms. Lacy never wore any clothes with African print again.

22. In or about June 2018, due to the comments she had heard from her co-workers, as well as the reactions she was receiving from them, Ms. Lacy approached the Recorder of Deeds, Ms. Shue, describing the racist nature of the work place, and requesting that her seat be moved away from Mr. Dougherty, Ms. Christine, and Ms. Channel.

23. In response, Ms. Shue denied Ms. Lacy's request, explaining that Ms. Lacy was being used to cultivate the need for diversity.

24. Further, no action or investigation was initiated concerning the racist and discriminatory behavior by Mr. Dougherty, Ms. Christine, and Ms. Channel.

25. As no action was taken by Defendant, Defendant's employees continued to engage in making racist and discriminatory comments, all in Ms. Lacy's presence.

26. On or about XXXXXXX, an African-American co-worker was speaking to her husband, who is also African-American, in the breakroom for the Recorder of Deeds.

27. As a result of this interaction, an employee from the Recorder of Deeds contacted the police.

28. The police investigated the situation and left Defendant's breakroom.

29. Following the police leaving, Ms. Channel stated to Ms. Lacy, "You people always get so sensitive."

30. As the only commonality between Ms. Lacy and the other co-workers were that they were African-American, Ms. Lacy knew that Ms. Channel meant African-Americans when she said "you people."

31. Despite no action being taken, Ms. Lacy continued to make complaints to Ms. Shue but Ms. Shue continued to ignore Ms. Lacy's complaints.

32. On or about October 26, 2018, Plaintiff was reassigned to work voter's poll preparation in a warehouse despite being hired by Defendant to work for the Recorder of Deeds and despite the fact that Defendant has a Department of Elections and Voter Registration.

33. Ms. Lacy never requested to be reassigned to work voter's poll preparation.

34. Ms. Lacy was never informed that she was going to be reassigned to work voter's poll preparation.

35. On or about November 2, 2018, Defendant terminated Ms. Lacy's employment due to alleged poor work performance.

36. Upon information and belief, Ms. Lacy believes her termination is in retaliation for her complaints about the racist and discriminatory behavior of her co-workers.

37. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**TITLE VII – DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

38. Plaintiff incorporates paragraphs 1-37 as if fully set forth at length herein.

39. Defendant took adverse action against Plaintiff through its harassment and discriminatory comments, ignoring Plaintiff's complaints of harassment, and the eventual termination of Plaintiff's employment.

40. Plaintiff's status as an African-American places her in a protected class.

41. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to harass, discriminate, and ultimately terminate her employment.

42. Plaintiff suffered disparate treatment by Defendant, as set forth above.

43. As such, Defendant's decision to harass, discriminate, ignore Plaintiff's complaints of harassment, treat Plaintiff differently than her Caucasian co-workers, and ultimately terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

44. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

45. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

46.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

## COUNT II
## TITLE VII– RETALIATION
## (42 U.S.C.A. § 2000e-3(a))

47.     Plaintiff incorporates paragraphs 1-46 as if fully set forth at length herein.

48.     At set forth above, Plaintiff complained to her supervisor regarding the harassment and discrimination she was witnessing and experiencing and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

49.     Defendant took adverse action against Plaintiff by terminating Plaintiff's employment.

50.     As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

51.     As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, § 704(a).

52.     As a proximate result of Defendant's conduct, Plaintiff has sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

53.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

54. Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

## COUNT III
## DISCRIMINATION AND RETALIATION
## (42 U.S.C § 1981)

55. Plaintiff incorporates paragraphs 1-54 as if fully set forth at length herein.

56. As set forth above, Plaintiff was subjected to differential treatment in the terms and conditions of her employment on account of her race and national origin as well as to a racially hostile environment and retaliation in her employment with Defendant.

57. As set forth above, Defendant took adverse action against Plaintiff by terminating her employment.

58. As set forth above, Plaintiff's membership in a protected class and participation in protected activities were motivating factors in Defendant's decision to terminate her employment.

59. As such, Defendant's decision to harass, discriminate, fail to implement corrective measures, retaliate, and terminate Plaintiff's employment is unlawful employment practices, under 42. U.S.C. § 1981.

60. As a proximate result of Defendant's conduct, Plaintiff has sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff, Alicia Lacy, demands judgment in her favor and against Defendant, County of York, Pennsylvania, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
ROBERT H. GRAFF, ESQUIRE (PA I.D. 206233)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0138
Fx: 215-944-6124
*Attorney for Plaintiff, Alicia Lacy*

Date: 10/31/19

# EXHIBIT "A"

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Alicia Lacy<br>32 West King Street, Apartment 3<br>York, PA 17401 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-02154 | **Legal Unit,**<br>**Legal Technician** | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Jamie R. Williamson,
District Director        09/30/2019 *(Date Mailed)*

Enclosures(s)

cc:   Cory A. Iannacone, Esq.<br>
PILLAR AUGHT LLC<br>
4201 E. Park Circle<br>
Harrisburg, PA 17111

Robert H. Graff, Esq.<br>
LAW OFFICES OF ERIC A. SHORE<br>
1500 Jfk Blvd., Suite 1240<br>
Philadelphia, PA 19102

02